# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-521V

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DAVID WILSON *as son and personal representative of the estate of,* ESTELLE MALTZ, *deceased,* | * * * * | Special Master Corcoran |
| Petitioner, | * | Filed: March 29, 2017 |
| v. | * | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Michael G. McLaren*, Michael G. McLaren, Black McLaren, et al., P.C., Memphis, TN, for Petitioner.

*Sarah Christina Duncan*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM ATTORNEY'S FEES AND COSTS AWARD [1]

On May 21, 2015, David Wilson filed a petition seeking compensation under the National Vaccine Injury Compensation Program on behalf of his mother, alleging that she suffered from autoimmune dermatomyositis and death as a result of her November, 2015, receipt of the influenza vaccine.[2] ECF No. 2.

---

[1] This decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

By October 1, 2015, Petitioner had filed medical records and his statement of completion. Shortly thereafter, on November 30, 2015, Respondent filed his Rule 4(c) Report, which was subsequently amended on June 10, 2016, after more medical records and an expert report were filed by Petitioner. Despite attempts to settle this case informally, on September 20, 2016 the parties indicated to the court that settlement was not possible. *See* Joint Status Report, filed on Sept. 20, 2016 (ECF No. 35). The parties continued to file medical literature and supplemental reports, and this matter is now scheduled for hearing in February 2018.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. *See* Motion for Interim Attorney's Fees and Costs, filed on March 9, 2017 (ECF No. 47) ("Fees App."). Petitioner requests an award in the total amount of $81,439.32, representing attorney's fees of $54,374.50, plus $27,064.82 in costs. *Id*. at 1. In calculating fees, Petitioner requests forum rates in the amount of $410-440 per hour for Mr. Michael McLaren, $345-365 for Mr. William Cochran, $295-315 for Mr. Chris Webb, and $134-155 for paralegals in the office from 2015 to the present fees motion. *Id*. at 11. Petitioner also request reimbursement for his expert, Dr. Eric Gershwin, at a rate of $450 per hour, for a total sum of $15,075.00. *Id*. at 69. The costs also include sums billed to him for work by Petitioner's initial attorney, Lisa Roquemore at a rate of $355-365 for 30 hours[3] of work totaling of $9,009.20 (which includes copying costs of $442.20).

Respondent filed a brief reacting to Petitioner's fees request on March 27, 2017. ECF No. 48. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id.* at 1. He respectfully recommended that I exercise my discretion in determining a reasonable award for attorney's fees and costs in this matter. *Id.* at 2.

## ANALYSIS

Relevant Federal Circuit precedent clearly permits the recovery of interim fees and costs in Vaccine Program cases. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *see also Cloer v. Sec'y of Health and Human Servs*., 675 F.3d 1358, 1362 (Fed. Cir. 2012), *aff'd sub nom.*, *Sebelius v. Cloer*, 133 S. Ct. 1886 (2013); *McKellar v. Sec'y of Health and Human Servs.*, 101 Fed. Cl. 297, 302 (2011) ("interim fees are permitted even before an entitlement decision is made"). In this case, Respondent represents that he is satisfied that these statutory requirements have been met, and I also find that awarding Petitioner fees and costs on an interim basis is appropriate at this stage of the case's life. ECF No. 48 at 2.

---

[3] Eight of hours were billed for the work of a paralegal at a rate of $125. Fees App. at 49.

This does not end the analysis of Petitioner's Motion, however. Attorney's fees and costs must be reasonable in amount. Section 15(e). An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera,* 515 F.3d at 1348 (Fed. Cir. 2008). Rate ranges for attorneys of different levels of experience who are entitled to the forum rate in Vaccine Program cases are set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4]

This matter has primarily been handled by three attorneys in the firm (Black McLaren) – Messrs. McLaren, Cochran, and Webb. I have previously found that Black McLaren is entitled to forum rates. *See Pancoast v. Sec'y of Health & Human Servs.*, No. 15-718V, 2016 WL 7574815, at *3 (Fed Cl. Spec. Mstr. Nov. 16, 2016); *see also Henry v. Sec'y of Health & Human Servs.,* No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). The rates I awarded in *Pancoast* for each of the three attorneys and paralegals, in question herein are the same as those requested here, and I will likewise award them.[5] *Id.* at *2. In addition, the hours expended on this matter appear to be reasonable. This case has been pending for nearly two years, since May 21, 2015. Black McLaren began work on the case in April 2015 after it was transferred from Ms. Roquemore. Since then, Messrs. McLaren, Cochran, and Webb have expended 28.3, 4, and 152.6 hours respectively working on the case in addition to 33.7 hours work by paralegals at the firm. Fees App. n.2.

Petitioner also requests (although he characterizes it as a cost) reimbursement of Ms. Roquemore's time incurred while she represented him. She billed at a rate of $355-365 per hour for the work she performed on the case from 2013-2015. Ms. Roquemore has previously been found entitled to forum rates. *See e.g. Davis v. Sec'y of Health & Human Servs.,* No. 14-978V, 2017 WL 656304 at *2 (Fed. Cl. Spec. Mstr. Jan. 23, 2017*); Taylor v. Sec'y of Health & Human Servs.*, No. 14–861V, 2016 WL 5390169 (Fed. Cl. Spec. Mstr. Sept. 2, 2016); *Raicevic v. Sec'y of Health & Human Servs.*, No. 14–554V, 2016 WL 5362695 (Fed. Cl. Spec. Mstr. Aug. 31, 2016). Here, I find that the rates she requests are appropriate in light of such prior persuasive decisions, and the total time she initially devoted to the matter (30 hours) was appropriate, so I will award these amounts as well.

---

[4] The *McCulloch* forum rate ranges have also been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claims website. This forum hourly rate fee schedule can be accessed at: http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

[5] Because *Pancoast* was decided in 2016, I did not award a rate for 2017, but the rate requested in this fee request for 2017 is consistent with the increase I have awarded to Black McLaren. *Pancoast,* 2016 WL 7574815, at *2.

Finally, and as noted above, Petitioner requests an award of litigation costs, including the costs of his expert Dr. Gershwin, who charged an hourly rate of $450 for 33.5 hours of work. Fees App. at 5. This hourly rate has previously been awarded to Dr. Gershwin, and I find that it is reasonable. However, I will not award his expert fees at this juncture in the case. *I.H. v. Sec'y of Health & Human Servs.,* No. 13-766V, 2016 WL 7666536 at *2 (Fed. Cl. Spec. Mstr. Dec. 16, 2016). Rather, immediately after the hearing (at which time Petitioner's expert will have carried out their ultimate purpose by testifying), Petitioner may renew the present request, supplementing it with statements or invoices recording additional expert costs whether paid or merely incurred. This case is not sufficiently protracted to merit an award of expert costs before a hearing has occurred,  I thus defer resolution of this aspect of Petitioner's motion until then. *See e.g. Auch v. Sec'y of Health & Human Servs.,* No. 12-673V, 2016 WL 3944701 at *16-17 (Fed. Cl. Spec. Mstr. May 20, 2016); *Roberts v. Sec'y of Health & Human Servs.*, No. 09-427V, 2013 WL 2284989 (Fed. Cl. Spec. Mstr. April 30, 2013)(granting interim award of expert costs after conclusion of hearing but before issuance of entitlement decision). Therefore, Petitioner's costs will be reduced by $15,075.00.

Accordingly, based on the reasonableness of Petitioner's request, I hereby **GRANT IN PART** Petitioner's Motion for attorney's fees and costs. I award a total of **$66,364.32** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Michael McLaren, Esq., representing attorney's fees in the amount of $54,374.50, plus costs in the amount of $11,989.82.[6]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Petitioner requests total costs of $27,064.82 (including $9,009.20 for Ms. Roquemore) but after deducting $15,075.00 (Dr. Gershwin's Fees), the new total is $11,989.82.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.