# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-521V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
DAVID WILSON, *as son and personal*
*representative of the estate of*
ESTELLE MALTZ, *deceased*,

             Petitioner,

             v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

             Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: October 10, 2018

Decision by Stipulation; Damages;
Influenza ("flu") Vaccine;
Dermatomyositis.

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.

*Colleen Clemons Hartley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On May 21, 2015, David Wilson filed a petition on behalf of his deceased mother, Estelle Maltz, seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleges that Ms. Maltz suffered from and ultimately died from dermatomyositis as a result of her October 11, 2012 influenza ("flu") vaccine. *Id.* at 1. Respondent initially recommended that Petitioner be denied compensation in his Rule 4(c) Report. *See generally* ECF

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

No. 20. A hearing was held on February 22, 2018, after which Respondent agreed to participate in settlement negotiations, though he maintained his position that the flu vaccine did not cause Petitioner's injury and subsequent death. *See* Stip. at 2, ECF No. 71. The Parties filed a stipulation on October 10, 2018. *Id.* at 1.

Based upon my own review of the record, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $225,000.00, in the form of a check payable to Petitioner as legal representative of the Estate of Estelle Maltz.
- A lump sum of $127,134.13 representing reimbursement of the state of California Medicaid lien, in the form of a check payable jointly to Petitioner as legal representative of the Estate of Estelle Maltz and to:

    Department of Health Care Services
    Recover Branch – MS 4720
    Account No. C90075072A-VAC03
    P.O. Box 997421
    Sacramento, CA 95899-7421

Stip. at 2. This amount represents compensation for all damages under Section 15(a) of the Act to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DAVID WILSON, as son and personal representative of the Estate of ESTELLE MALTZ, deceased,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 15-521V<br>Special Master Corcoran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. David Wilson ("petitioner"), as son and personal representative of the Estate of Estelle Maltz ("Ms. Maltz"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Ms. Maltz's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. Maltz received the flu vaccine on October 11, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Ms. Maltz suffered from dermatomyositis as a result of receiving the flu vaccine. Ms. Maltz passed away on June 7, 2013. Petitioner further alleges that Ms. Maltz's death was the sequela of her alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on behalf of Ms. Maltz as a result of her alleged condition or her death.

6. Respondent denies that the flu vaccine caused Ms. Maltz's alleged dermatomyositis, any other injury, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

    a. A lump sum of $225,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Estelle Maltz. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

    b. A lump sum of $127,134.13 representing reimbursement of the state of California Medicaid lien, in the form of a check payable jointly to petitioner as legal representative of the Estate of Estelle Maltz and

        Department of Health Care Services
        Recovery Branch - MS 4720
        Account No. C90075072A-VAC03
        P.O. Box 997421
        Sacramento, CA 95899-7421

This lump sum represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the state of California may have against any individual as a result of any Medicaid payments the state of California has made to or on behalf of Ms. Maltz from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 11, 2012, under Title XIX of the Social

Security Act. Petitioner as legal representative of the Estate of Estelle Maltz agrees to endorse this check to the state of California.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Estelle Maltz under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of the Estate of Estelle Maltz. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Estelle Maltz at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the

Estate of Estelle Maltz upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity and as personal representative of the Estate of Estelle Maltz, on behalf of Ms. Maltz's estate and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Maltz resulting from, or alleged to have resulted from, the flu vaccination administered on October 11, 2012, as alleged in a petition for vaccine compensation filed on or about May 21, 2015, in the United States Court of Federal Claims as petition No. 15-521V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Maltz's alleged dermatomyositis, any other injury, or her death.

17. All rights and obligations of petitioner in his capacity as personal representative of the Estate of Estelle Maltz shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

PETITIONER:

*DAVID WILSON* (signature)

DAVID WILSON, as son and
personal representative of the Estate
of Estelle Maltz, deceased

ATTORNEY OF RECORD FOR
PETITIONER:

(signature)

MICHAEL G. MCLAREN
BLACK MCLAREN JONES
RYLAND & GRIFFEE, PC
530 Oak Court Drive
Suite 360
Memphis, TN 38117

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

(signature)

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

*Ward Sorensen for* (signature)

NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

(signature)

COLLEEN C. HARTLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3644

Dated: 10/10/18