# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-521V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| DAVID WILSON, *as son and personal representative of the estate of* ESTELLE MALTZ, *deceased*, | |
| Petitioner, | Special Master Corcoran |
| v. | Filed: March 1, 2019 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Decision; Attorney's Fees and Costs. |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Michael G. McLaren*, Black McLaren, et al., P.C., Memphis, TN, for Petitioner.

*Sarah Christina Duncan*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## **DECISION GRANTING FINAL ATTORNEY'S FEES AND COSTS AWARD**[1]

On May 21, 2015, David Wilson filed a petition seeking compensation under the National Vaccine Injury Compensation Program on behalf of his mother, alleging that she suffered from autoimmune dermatomyositis and death as a result of her November 2015 receipt of the influenza

---

[1] Athough this decision is not formally noticed for publication, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. *Id.*

vaccine.² ECF No. 2. The matter was tried in February 2018, after which the parties settled the claim in Petitioner's favor, with judgment issuing on October 16, 2018. ECF No. 74.

Petitioner previously received an interim award of attorney's fees and costs, reflecting work performed on the matter through spring 2017, plus expert costs. *See* Decision, dated Mar. 29, 2017 (ECF No. 49). As my Decision indicates, I approved the requested rates as reasonable and granted fees and some costs, but deferred awarding expert costs until hearing, thereby awarding a total of $66,364.32. Decision at 4.

Petitioner has now made a request for a final fees award. Motion, dated Jan. 17, 2019 (ECF No. 77). He requests $55,145.30 in additional attorney's fees, incurred between March 2017 and mid-January of this year (at which time the present fees motion was prepared). *See* Attorney Invoices at 1–19 (ECF No. 77-2). In addition, he seeks reimbursement for costs in the total amount of $27,527.61, which include usual litigation-associated costs (such as copying, filing, and travel), plus $21,587.03 in expenses related to Petitioner's testifying expert, Dr. Eric Gershwin (including the sums previously sought in the interim award request). *Id.* at 18–19; Mot. for Interim Attorney's Fees and Costs Attorney Invoices at 26, filed Mar. 9, 2017 (ECF No. 47-2). Petitioner has also included (in response to General Order No. 9) a declaration stating that he incurred no other costs in association with this case. ECF No. 77-3.

Respondent reacted to the final fees motion on January 28, 2019. ECF No. 78. He is satisfied that the statutory basis for a fees award is met in this case, and otherwise defers to me the determination as to the calculation and magnitude of that award. *Id.* at 2–3.

As is well understood in the Vaccine Program, successful petitioners are entitled to a reasonable award of attorney's fees and costs. Section 15(e)(1). Having reviewed the present motion, I find that the rates requested by the attorneys herein are consistent both with those approved in the interim award, and also with what they have received in other Program cases (based upon the Office of Special Masters's rate schedule for in-forum attorneys). *See, e.g.*, *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). And the work performed on this matter was reasonable. I therefore award in full the requested attorney's fees.

I also find that the costs requested are reasonable. I previously in my interim fees award noted that Dr. Gershwin's requested rate was acceptable, and I find that the time he devoted to the

---

² The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

matter was both reasonable and assisted in its resolution. I will accordingly award these costs in full.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a fees awards, and based on the foregoing, I hereby **GRANT** Petitioner's Motion for Final Attorney's Fees and Costs, and award a total of **$96,858.20**, in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Michael G. McLaren, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

                     /s/ Brian H. Corcoran
                        Brian H. Corcoran
                        Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.