# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-521V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DAVID WILSON *as son*,
and personal representative
of the estate of

ESTELLA MALTZ,
*Deceased*,

    Petitioner,

  v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: September 24, 2019

Attorney's Fees and Costs;
Motion for Relief from Judgment;
RCFC 60(b).

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.

*Colleen Clemons Hartley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING RELIEF FROM JUDGMENT[1]

  On May 21, 2015, David Wilson filed a petition on behalf of his mother, Estella Maltz

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*.

(deceased) seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Petitioner alleged that the influenza vaccine his mother received on November 18, 2018, caused her to develop autoimmune dermatomyositis and other related conditions that were ultimately fatal. *See* Petition ("Pet.") (ECF No. 1) at 2–3. The matter was tried in February 2018, after which the parties settled the claim in Petitioner's favor, with judgment issuing on October 16, 2018. ECF No. 74.

Following the case's resolution, Petitioner filed a final fees application[3] requesting fees and costs associated with the above-captioned matter. *See* Motion for Attorney's Fees and Costs, dated Jan. 17, 2019 (ECF No. 77). I granted the motion on March 1, 2019 and awarded Petitioner the full amount requested. *See* Decision, dated Mar. 1, 2019 (ECF No. 79) ("Decision"). Judgment entered on March 26, 2019. *See* Judgment, dated Mar. 26, 2019 (ECF No. 81) ("Fees Judgment").

Now, approximately six months after entry of the Fees Judgment, Petitioner's counsel has stated that he failed to include in his prior final attorney's fees request invoices for services rendered by two estate attorneys during the lifespan of the case. *See* Motion for Relief from Judgement, filed Sept. 3, 2019 (ECF No. 83) ("Mot.") at 1. In the motion, counsel explains that $13,657.00 in fees were not submitted for payment in Petitioner's original fees application. *Id*. Counsel contends he was unaware that he had not received the invoices prior to my March 26, 2019 decision awarding Petitioner attorney's fees and costs. *Id*. It is not clear from the motion when counsel's office discovered the error. *See id*. Based on the above, Petitioner now moves for relief from the Fees Judgment. Petitioner requests supplemental fees in the amount of $13,657.00 (representing unreimbursed estate attorney's fees). *Id*.

Respondent filed a document in response to Petitioner's request on September 18, 2019, deferring to my discretion to determine whether Petitioner has met the legal standard applicable to re-opening the case. *See* Response, dated Sept. 18, 2019 (ECF No. 85) ("Opp.") at 2–3.

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. ' 300aa-10-' 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. ' 300aa.

[3] In addition, on March 9, 2017, Petitioner submitted a motion for interim attorney's fees and costs, which I granted on March 29, 2017. *See* Motion for Interim Attorney's Fees and Costs, dated Mar. 9, 2017 (ECF No. 47); Decision, dated Mar. 29, 2017 (ECF No. 49).

## ANALYSIS

Under Vaccine Rule 36, Appendix B, RCFC (the "Vaccine Rules"), a party may seek relief from judgment pursuant to RCFC 60(a) or 60(b).[4] RCFC 60(b) delineates five specific circumstances for relief, plus a catch-all permitting a party to obtain modification of a decision based upon "any other reason that justifies relief." RCFC 60(b)(6).[5] Mr. Wilson's motion invokes RCFC 60(b)(1), which provides for relief in the case of "mistake, inadvertence, surprise, or excusable neglect[,]" which the Court of Federal Claims has interpreted to include "[a]n error, misconception, or misunderstanding; erroneous belief" attributable to a party, counsel, or the court. *Curtis v. United States*, 61 Fed. Cl. 511, 512 (2004).

As a remedial provision, Rule 60(b) is to be "liberally construed for the purpose of doing substantial justice." *Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994). Special masters have discretion regarding whether to grant relief under Rule 60(b), and to weigh equitable factors in the exercise of that discretion. *See McCray v. Sec'y of Health & Human Servs.*, No. 11-567V, 2014 WL 2858593, at *1 (Fed. Cl. Spec. Mstr. May 29, 2014) (citing *CNA Corp. v. United States*, 83 Fed. Cl. 1, 7 (2008)).

Other special masters have granted motions for relief from judgment under RCFC 60(b) where a petitioner failed to submit full invoices when requesting an award of fees and costs. *See, e.g., Brock v. Sec'y of Health & Human Servs.*, No. 90-1752V, 1993 WL 266510, at *3–4 (Fed. Cl. Spec. Mstr. July 1, 1993) (correcting judgment under RCFC 60(b) where counsel miscalculated fees and failed to request the full amount expended). I have also granted motions for relief from judgment where the parties inadvertently omitted invoices from their fees applications or requested a fees adjustment under RCFC 60(b). *See, e.g., Sweat v. Sec'y of Health & Human Servs.*, No. 14-329V, 2016 WL 4483039, at *1–2 (Fed. Cl. Spec. Mstr. June 16, 2016) (amending judgement under RCFC 60(b)(1) where petitioner's counsel "inadvertently" failed to account for guardianship

---

[4] RCFC 60(a) concerns corrections based on "minor" clerical mistakes, oversights, and omissions. *See Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1029 (Fed. Cir. 1994) ("[S]ubdivision (a) covers those omissions or mistakes resulting from a court's failure to perform a ministerial duty, as opposed to a deliberative or discretionary act addressable by subdivision (b)."). The rule states, in relevant part, "[t]he Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The Court may act on motion or on its own, without notice to the parties involved. RCFC 60(a).

[5] The grounds for relief under RCFC 60(b)(6) require a greater showing of "extraordinary circumstances." *See Ackerman v. United States*, 340 U.S. 193, 198, 202 (1950) (finding petitioner did not fulfill the "extraordinary circumstances" requirement necessary for vacating judgment). The Court of Federal Claims has granted relief under RCFC 60(b)(6) only where, without such relief, substantial rights of a party would be violated. *See Freeman v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 280, 281 (1996) (finding the alleged circumstances "warrant the reopening of the case in the interest of justice."); *Coleman v. Sec'y of Health & Human Servs.*, No. 06-0710, 2011 WL 6828475, *4 (Fed. Cl. Spec. Mstr. Dec. 07, 2011) (finding relief from judgment proper under Rule 60(b)(6) to prevent "harm to substantial rights of petitioner that would result if the requested relief were not granted.").

fees in the original fees stipulation); *Schmidt v. Sec'y of Health & Human Servs.*, No. 13-143V, 2016 WL 4483031, at *2 (Fed. Cl. Spec. Mstr. June 7, 2016) (amending judgement under RCFC 60(b)(1) where petitioner requested additional fees pertaining to obtaining representative capacity incurred subsequent to decision awarding final fees and costs); *see also Williamsen v. Sec'y of Health & Human Servs.*, No. 10-223V, 2014 WL 1388894, at *2–3 (Fed. Cl. Spec. Mstr. Mar. 4, 2014) (correcting judgment under RCFC 60(a) where parties inadvertently omitted a mediation invoice from their fees stipulation).

Here, I find that Petitioner has established a basis for amendment of the Fees Judgment under RCFC 60(b)(1). Petitioner's motion articulated that the estate attorney's fees were not included in the original application due to mistake or inadvertence on counsel's part. *See* Mot. at 1. The invoice subsequently submitted by Petitioner evidences the omitted costs owed to the estate attorneys and provides an itemized list of the tasks completed (reflective of the number of hours expended). *See* ECF No. 83-1.

In addition, the motion itself was made in a mostly reasonable timeframe, within a few months of the judgment rather than a year or more later. The motion also does not challenge or dispute the underlying merits of the prior fees decision that produced the Fees Judgment. The fees requested involve legal matters relating to the deceased injured party's estate that were foreseen by the parties, as reflected in the Decision. *See* Stipulation at 5–6, attached to Decision (ECF No. 72). And the requested correction will merely increase the size of the Fees Judgment by a relatively modest sum to reflect additional attorney's fees incurred while the case was still under evaluation. Furthermore, Respondent made no specific objection to Petitioner's request, nor did Respondent contest the requested rates, further underscoring the extent to which it is the view of the parties that the error in question, while in need of correction, is relatively minor in nature. Such circumstances constitute sufficient grounds to grant the relief requested under RCFC 60(b)(1).

## CONCLUSION

Accordingly, **Petitioner is awarded an additional $13,657.00 in attorney's fees and costs in this action, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Mr. Michael McLaren.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with these terms.[6]

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master
